UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-2290-DMG (SKx)** | Date | March 28, 2019 |
| Title | ***Shaun Graef, et al. v. Monsanto Company, et al.*** | Page | 1 of 3 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On February 28, 2019, Plaintiffs Shaun Graef and Janelle Pitchford filed a Complaint in Los Angeles County Superior Court, asserting the following state-law claims against Defendants Monsanto Company and Azusa Pacific University ("APU"): (1) negligence, (2) strict products liability (design defect), (3) strict products liability (failure to warn), (4) breach of warranty, (5) breach of implied warranty of merchantability. Removal Notice, Ex. 1 at 12–46 (Compl.) [Doc. # 1].[1] On March 27, 2019, Defendant Monsanto removed the action, invoking this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). Removal Notice at 1–10 [Doc. # 1].

Pursuant to 28 U.S.C. section 1332(a), a district court shall have original jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal quotation marks omitted). Fraudulently joined defendants are "ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The removing party has the burden of proving the existence of fraudulent joinder by "*clear and convincing* evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (emphasis added). "The defendant must show that there is *no possibility* that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant" and that "*plaintiff would not be afforded leave to amend* his complaint to

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2290-DMG (SKx)** | Date | March 28, 2019 |
|---|---|---|---|
| Title | ***Shaun Graef, et al. v. Monsanto Company, et al.*** | Page | 2 of 3 |

cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added).

Here, Monsanto alleges that it is a citizen of Delaware and Missouri, and that Plaintiffs and APU are citizens of California. *See* Removal Notice at ¶¶ 9–11 [Doc. # 1]. Monsanto argues that APU's citizenship should be ignored because it was fraudulently joined. *See id.* at ¶¶ 13–20. At bottom, Monsanto contends that the Complaint alleges only products liability claims, and that APU may not be liable on such claims because it was not "in any way involved in designing, manufacturing, labeling, marketing, distributing, or selling Roundup®-branded herbicides . . . ." *See id.* at ¶ 18.

Yet, the Complaint alleges that Plaintiff Graef was exposed to this allegedly hazardous product while playing baseball on APU's field. *See* Removal Notice, Ex. 1 at 28 (Compl.) [Doc. # 1]. This allegation may serve as the basis of a premises liability claim against APU. *See McDaniel v. Sunset Manor Co.*, 220 Cal. App. 3d 1, 7 (1990) ("[A] landowner now is subject to the general duty of ordinary care: the duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm."). Assuming *arguendo* that the Complaint fails to allege sufficient facts to recover on that theory, it is not apparent that granting Plaintiffs leave to amend would be futile. Therefore, Monsanto has failed to discharge its burden of showing, by clear and convincing evidence, that APU was fraudulently joined to this action. It follows that Monsanto has failed to show that diversity jurisdiction is proper and that the forum defendant rule is inapplicable. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C.] section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Further, Monsanto points out that Plaintiffs seek compensatory and punitive damages, and it asserts (without any supporting citation) that other plaintiffs bringing suit against Monsanto have alleged they contracted the type of cancer suffered by Defendant Graef and sought damages in excess of $75,000. *See* Removal Notice at ¶ 21 [Doc. #1]. Nonetheless, Monsanto does not otherwise attempt to quantify the amount in controversy or analogize this case to such other lawsuits. *See id.* Accordingly, Monsanto has failed to overcome the "'strong presumption' against removal jurisdiction . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Accordingly, Monsanto is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court on the grounds of lack of subject matter jurisdiction and/or improper removal. Monsanto shall file a response by no later than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2290-DMG (SKx)** | Date | March 28, 2019 |
|---|---|---|---|
| Title | ***Shaun Graef, et al. v. Monsanto Company, et al.*** | Page | 3 of 3 |

**April 4, 2019. Failure to timely file a satisfactory response by this deadline will result in the remand of this action to state court.** Plaintiffs may file an optional reply by **April 11, 2019. Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**