UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 19-2290-DMG (SKx)** | Date April 5, 2019 |
| Title *Shaun Graef, et al. v. Monsanto Company, et al.* | Page 1 of 2 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING THE ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On March 28, 2019, the Court ordered Defendant Monsanto Company to show cause why this action should not be remanded to Los Angeles County Superior Court on the ground of lack of diversity jurisdiction. [Doc. # 11.] On April 4, 2019, Monsanto filed a Response in which it insists that Co-Defendant Azusa Pacific University ("APU") was fraudulently joined and the amount-in-controversy requirement has been satisfied. [Doc. # 12.]

With regard to the latter contention, Monsanto vaguely asserts that "[i]n two recent cases involving allegations of [Non-Hodgkin Lymphoma] caused by Roundup®-branded herbicides, juries returned plaintiff's verdicts for $80 million and $289 million." *See id.* at 14. Monsanto does not otherwise explain why it believes these cases are sufficiently analogous to satisfy the amount-in-controversy requirement, and the verdict forms themselves do not remedy that deficiency.[1] *See* Beroukhim Decl., Exs. E–F [Doc. # 12-2]; *see also Simmons v. PCR Tech,*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving *analogous* facts." (emphasis added)). For instance, these verdict forms do not reveal the egregiousness of Monsanto's alleged misconduct, the extent of the plaintiffs' symptoms, or whether the presence of other factors may have contributed to these large awards of damages. Consequently, Monsanto has failed to rebut the "'strong presumption' against removal jurisdiction," and the Court need not address whether Plaintiffs fraudulently joined APU. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any* doubt as to the right of removal in the first instance." (emphasis added)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[T]he defendant seeking removal bears the burden to show by a preponderance of

---

[1] Monsanto's counsel has no excuse for failing to further elaborate on this point. Counsel decided to instead spend nearly half of its brief attempting to persuade the Court that Monsanto's products are safe and that the Court should stay this action pending a potential transfer to a Multidistrict Litigation proceeding. *See* Monsanto's Resp. at 5–9 [Doc. # 12].

CV-90            **CIVIL MINUTES—GENERAL**            Initials of Deputy Clerk <u>KT</u>

UNITED STATES DISTRICT COURT          JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2290-DMG (SKx)** | Date | April 5, 2019 |
|---|---|---|---|
| Title | ***Shaun Graef, et al. v. Monsanto Company, et al.*** | Page | 2 of 2 |

the evidence that the aggregate amount in controversy exceeds [the jurisdictional minimum] when federal jurisdiction is challenged.").

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court. The May 10, 2019 Scheduling Conference is **VACATED**.

**IT IS SO ORDERED.**